## Boyden, Appellant, *v.* Philadelphia & West Chester Traction Co.

*Negligence—Street railways — Collision — Crossing—Contributory negligence—Nonsuit—Presumption.*

In an action against a street railway company to recover damages for death of plaintiff's husband caused by a collision, at a crossing, between an electric car and a drill the deceased was driving, a nonsuit is properly entered where the only witness who saw the accident, testified that the deceased remained seated on the drill in the rear of his team, apparently in deep study, neither looking for a car, nor heeding its whistle, which the witness distinctly heard, though she was much further from the car than the deceased; and the other testimony in the case was wholly inadequate to permit a determination as to whether there was apparent time for the deceased to cross ahead of the car. There is no presumption that deceased saw the car coming at such distance from the crossing as to warrant him in the belief that he could safely cross ahead of it.

Argued Feb. 10, 1919. Appeal, No. 254, Jan. T., 1919, by plaintiff, from order of C. P. Chester Co., refusing to take off nonsuit in case of Annie S. Boyden v. Philadelphia & West Chester Traction Co. Before BROWN, C. J., STEWART, FRAZER, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for damages for death of plaintiff's husband.

The court entered a compulsory nonsuit, which it subsequently refused to take off, BUTLER, P. J., filing the following opinion:

The only ground on which counsel for plaintiff sought to avoid the conclusion of contributory negligence on Boyden's part in attempting the crossing ahead of the car, which he could have seen had he looked immediately

before he reached the crossing, was that he might be presumed, under the evidence, to have seen the car coming at such a distance from the crossing as to warrant him in the belief that he could safely cross ahead of it. We thought at the trial, and still think no such conclusion could properly have been reached by the jury. According to the testimony of the sole witness on this subject, Boyden remained seated on the drill in the rear of his team, was apparently in deep study, neither looking for a car nor heeding its whistle which this witness says was distinctly heard by her, though she was much further from the car. Apart from this, the testimony intended to fix the location of the car—its distance from the crossing when Boyden drove on the track—is wholly indefinite, and entirely inadequate to permit a determination as to whether there was apparently time for Boyden to safely cross ahead of the car. Alice White, the only witness called who saw the car approaching the crossing as Boyden drove over it, said she was unable to give any judgment as to how far the car then was short of the crossing, and the witnesses who endeavored to put themselves in the position she occupied when she saw the car coming, and to then determine the point at which, had she been looking intently, she could possibly have first seen the car, prove nothing definite as to the position of the car when she did in fact first see it. Part of the time she was looking at Boyden, and she did not testify that she was intently looking for the car, that she saw it at the first instant she could have seen it. All that she says is that when she saw it come into sight, when she in fact did first see it—wherever the car then was— Boyden was engaged in crossing the track. Under all that appears it is more probable than otherwise that when she noticed, saw the car, it had for some time been within her possible vision, and was much closer to the place of accident than the point at which it would have been possible for her to see it had her gaze been intently fixed in that direction. According to the evidence, the

two witnesses called by the plaintiff on this matter, did not stand where Alice White stood when she saw the car, and consequently failed to found their deductions as to the point at which she could have first seen it, upon the line of vision which she had.   Counsel for plaintiff sought to cover this failure by testifying that he visited the place, stood where Alice White said she stood, and then by merely looking, unaided by anyone else, determined where she could have first seen the car.   We think it quite clear that he could not thus have definitely determined where she could have first seen it, even if Alice White was able, which is not probable, to show him precisely where she stood.

The defendant company operates a reasonably high speed line between Philadelphia and West Chester, carrying many through passengers who formerly used the steam lines.   The public desires and needs this service and to furnish it, cars must be run at quite continuous and considerable speed even when passing crossings contiguous to the frequent little villages near the line.   Boyden had lived along this road close to the place of accident for many years, and must have been thoroughly conversant with the speed at which cars were run down the grade on which the accident occurred.   There was no evidence that the car that struck him was running unusually fast, faster than common, and the only improper conduct contributing to the accident, proved by the evidence, was his heedless disregard of the warning whistle, failure to make any attempt to look, and thus negligently committing himself to this crossing with a slow moving rather unwieldy outfit.

Under the facts in this case it is idle to cite on the question of defendant's negligence, rules of conduct laid down by the courts as applicable to the operation of urban lines where cars uniformly are run at comparatively low speed, stop, or are subject to stop at the end of each block, and where the crossings are almost continuously occupied with pedestrians and other traffic.   And it is

Opinion of Court below—Opinion of the Court. [264 Pa.

equally idle here, on the question of Boyden's contributory negligence, to cite the cases in which all the facts were present which warranted a finding that when the injured person essayed the crossing, he was justified in believing that he could safely cross ahead of the car, and was struck because the car was run at unusually high speed. We repeat, as was said on directing the nonsuit, that the evidence disclosed no negligence on defendant's part, but did conclusively convict Boyden of negligence causing the accident.

The rule to take off the nonsuit is dismissed.

*Error assigned* was refusal to take off nonsuit.

*W. S. Harris,* for appellant.

*A. M. Holding,* for appellee, was not heard.

PER CURIAM, March 10, 1919:

This judgment is affirmed on the opinion of the learned court below dismissing the motion to take off the nonsuit.